UNITED STATES of AMERICA
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

ALISA ZDROJEWSKI,

    Plaintiff,                         DEMAND FOR JURY TRIAL

-vs-                              Case No.
                                   Hon.

FIFTH THIRD BANK, NATIONAL ASSOCIATION,
CLARITY SERVICES, INC., and
MRI SOFTWARE LLC,

    Defendants.

## COMPLAINT & JURY DEMAND

### Jurisdiction

1.    This action is brought under the Federal Real Estate Settlement Procedures Act ("R.E.S.P.A."), 12 U.S.C. §2605, and this court has jurisdiction pursuant to and 28 U.S.C. §§ 1331, 1337; this court, as such, may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims under 28 U.S.C. § 1367.

2.    This court has federal question jurisdiction under the Fair Credit Reporting Act, 15 U.S.C. §1681 and 28 U.S.C. §§1331, 1337.

3.     This Court may take supplemental jurisdiction over the state law claims set forth in this pleading.

## Parties

4.     The Plaintiff to this lawsuit resides in Farmington Hills, Michigan in Oakland County.

5.     The Defendant, FIFTH THIRD BANK, NATIONAL ASSOCIATION ("FTBNA"), is a non-Michigan corporation doing business in Michigan, incorporated outside the state of Michigan and with its principal place of business outside the State of Michigan.

6.     CLARITY SERVICES, INC. is a corporation doing business in Michigan and is a "person" as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.*

7.     MRI SOFTWARE LLC is a corporation doing business in Michigan and is a "person" as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.*

## Venue

8.     The transactions and occurrences which give rise to this action occurred in Oakland County and in the City of Farmington Hills.

9.   Venue is proper in the United States District Court for the Eastern District of Michigan.

## General Allegations

10.  On or about July 2, 2001, Plaintiff and FIFTH THIRD BANK, NATIONAL ASSOCIATION entered into a Mortgage.

11.  On or about March 1, 2018, the loan was current and not in default.

12.  In March of 2018, Plaintiff's ex-husband received a call from a company called "Apelles" inquiring about her home equity line of credit with FTBNA.

13.  The loan was not in arrears at the time.

14.  Plaintiff contacted Apelles and Apelles informed her that it was the new servicer of the loan.

15.  Apelles instructed the Plaintiff to make a $200.00 monthly payment directly to FTBNA in spite of the fact that her regular minimum monthly payment had been higher than that.

16.  Plaintiff specifically inquired as to whether this lowered monthly payment was sanctioned by FTBNA and Apelles specifically represented that it was in contriol of the loan and the payments and that the new payment that she should make was $200.00 per month.

17. Plaintiff made the $200.00 monthly payments timely and as instructed for four months.

18. FTBNA accepted those payments and Plaintiff reasonably believed that the $200.00 monthly payments which she was instructed to make would satisfy her minimum monthly obligations and keep the loan current.

19. Plaintiff had no reason to be concerned about the $200.00 monthly payment arrangement until she started receiving notices from her bank in approximately August of 2018 informing her that the loan was in arrears and that late charges and interest were accruing.

20. Plaintiff contacted Apelles about these notices from FTBNA and Apelles instructed her to disregard them and continue to make the $200.00 monthly payments.

21. Plaintiff continued to make the $200.00 per month payments as Apelles instructed her and had continuous communications with Apelles through the end of December of 2018.

22. Because FTBNA's agent, Apelles, instructed her make reduced payments, Plaintiff's loan went further into arrears and her credit score diminished.

23.   FTBNA reported the Plaintiff as being late starting in April of 2018 and these derogatory comments were false in light of the fact that FTNBNA, through its agent Apelles, had specifically instructed Plaintiff to make $200.00 monthly payments.

24.   Plaintiff never would have made a lowered payment if she hadn't been instructed to do so by Apelles.

25.   Plaintiff discovered that FTNBNA had erroneously communicated to Apelles that the loan was in arrears when it was not and that Apelles was treating the loan as if it were in default when it was not.

26.   FTBNA has admitted that assigning the servicing of the loan to Apelles was an error when Plaintiff was clearly not in default.

27.   Currently, Plaintiff cannot afford to pay the arrearage which was caused solely by FTBNA's bad instructions to the Plaintiff.

28.   On August 28, 2019, Plaintiff sent a qualified written request to FTBNA which included name, loan number and the property address; the qualified written request indicated a statement of the reason for the belief that there was an error; and requested in sufficient detail that the Defendant provide specific information so that Plaintiff could determine the exact nature of the disputed items.

29.   Defendant received a copy of the qualified written request.

30.   Despite its receipt of the qualified written request, Defendant, FTBNA, refused to lawfully and properly respond to the qualified written request and continues to attempt to collect money and items not owed and disputed by the Plaintiff.

31.   On or about September 6, 2019, Plaintiff initiated a reinvestigation pursuant to 15 U.S.C. §1681s-2(b) by sending letters by certified mail to one or more national credit reporting agencies disputing the reporting of the FTBNA derogatory information during the pendency of the qualified written request.

32.   FTBNA  failed to discontinue credit reporting during the pendency of the qualified written request.

33.   Plaintiff has suffered damages and continues to suffer damages as a result of the acta and omissions of FTBNA described herein.

34.   On or about January 8, 2018, Defendant CLARITY SERVICES, INC. accessed and used the Plaintiff's consumer report with no permissible purpose and did so willfully.

35.   On or about January 8, 2018, Defendant MRI Software LLC accessed and used the Plaintiff's consumer report with no permissible purpose and did so willfully.

6

## <u>COUNT  I – R.E.S.P.A. 12 U.S.C. § 2601 *et seq.*</u>

## <u>(FTBNA)</u>

36.    Plaintiff incorporates the preceding allegations by reference.

37.    R.E.S.P.A. applies to federally regulated mortgage loans, which include subordinate liens and loans used to payoff an existing loan secured by the same property;

38.    The transactions described herein involve a federally regulated mortgage loan.

39.    FTBNA  willfully violated the R.E.S.P.A. in one or more of the following ways, by example only and without limitation:

    a.    By failing to make appropriate corrections in the account of the Plaintiff and failing to transmit written notification of such correction to the Plaintiff(12 U.S.C.  §2605(e)(2)(A));

    b.    By failing to provide the Plaintiff with a written explanation or clarification that includes a statement of the reasons that FTBNA believed the account of the Plaintiff to be correct and the name and telephone number of an individual employed by Defendant who could provide assistance to the Plaintiff(12 U.S.C.  §2605(e)(2)(B));

c.   By failing to provide the Plaintiff with a written explanation or clarification that included the information requested by the Plaintiff or an explanation of why the information requested was unavailable or could not be obtained by FTBNA and the name and telephone number of an individual who could provide assistance to the Plaintiff (12 U.S.C. §2605(e)(2)[c]; and

d.   By providing, upon information and belief, information regarding any overdue payment owed by the Plaintiff and relating to the period described in the qualified written request to a consumer reporting agency during the 60 day period which began on the date of FTBNA's receipt of the qualified written request (12 U.S.C. § 2605(e)(3).

40.   As a result of these violations, the Plaintiff suffered damages of an economic and non-economic nature.

## COUNT II – BREACH OF CONTRACT

## (FTBNA)

41.   Plaintiff incorporates the preceding allegations by reference.

42.   A covenant of good faith and fair dealing exists in every valid Michigan contract, including notes and mortgages pertaining to real property such as the loan in this case.

43. A breach of the covenant of good faith and fair dealing is a breach of the underlying contract.

44. FTBNA instructed the Plaintiff to lower her monthly payments on the loan but then failed to perform its duty of good faith and fair dealing with respect to Plaintiff by failing to correctly apply payments, thereby causing excessive fees and interest to accrue.

45. FTBNA failed to perform its duty of good faith and fair dealing with respect to Plaintiff by failing, upon discovering the error of its agent and its own mistakes, to correct the adverse consequences of the Plaintiff which were the result of its errors.

46. Plaintiff suffered actual damages and is threatened with additional harm from FTBNA's breach.

47. Plaintiff is entitled to actual damages, reinstatement of the loan, cessation and rescission of any foreclosure activity, and a correction of her credit file.

## **COUNT III – Intentional Infliction of Emotional Distress**

## **(FTBNA)**

48. Plaintiff incorporates the preceding allegations by reference.

49. The conduct of  FTBNA constituted extreme and  outrageous conduct; specifically, FTBNA engaged in a pattern of behavior which insured that the Plaintiff would default on her loan.

50. While FTBNA through its agent was assuring Plaintiff that it was acting in good faith to assist the Plaintiff, FTBNA and its agent were doing everything in their power to insure that Plaintiff not only defaulted on her loan, but became so far in arrears that she would be in danger of losing her home.

51. FTBNA acted with reckless disregard of the possible consequences to Plaintiff.

52. The conduct of  FTBNA directly and proximately caused emotional distress to the Plaintiff.

53. Plaintiff has suffered damages as a result of the conduct of FTBNA.

## COUNT  IV – FRAUD/MISREPRESENTATION

## (FTBNA)

54. Plaintiff incorporates the preceding allegations by reference.

55. At all times relevant hereto, FTBNA represented to Plaintiff that her new minimum monthly payment was $200.00.

56. The foregoing representation was false.

57. FTBNA made the aforesaid representation knowing the same to be false, or with reckless disregard as to whether they were true or false.

58. Plaintiff relied on this misrepresentation and suffered damages as a result of such reliance.

59. FTBNA benefitted from the detrimental reliance of the Plaintiff upon FTBNA's misrepresentations.

60. As a direct and proximate result of FTBNA's fraud and/or misrepresentation, Plaintiff has suffered the damages set forth above, as well as mental distress, anxiety, humiliation and embarrassment.

## COUNT  V – UNJUST ENRICHMENT

## (FTBNA)

61. Plaintiff incorporates the preceding allegations by reference.

62. The actions of FTBNA were intentionally designed to insure that the loan would default and that late charges, interest, and other fees would accrue to the detriment of the Plaintiff and to the benefit of FTBNA.

63. FTBNA knew or should have known that Plaintiff would trust the express representations of FTBNA's agent and make $200.00 monthly payments as instructed.

64. Notwithstanding that knowledge the FTBNA allowed its debt collector to give the Plaintiff very bad instructions.

65.   As a result of the foregoing, FTBNA has been and will be unjustly enriched and Plaintiff has been and will be damaged.

## COUNT VI – INNOCENT/NEGLIGENT MISREPRESENTATION

### (FTBNA)

66.   Plaintiff incorporates the preceding allegations by reference.

67.   FTBNA made innocent and/or negligent representations of material facts as set forth herein.

68.   The representations made by the FTBNA were directed to Plaintiff and were made in connection with the loan.

69.   The representations were false when they were made.

70.   Plaintiff would not have agreed to make $200.00 monthly payments if Plaintiff had known that FTBNA had no intention of applying those payments as payments in full toward her minimum, monthly obligation.

71.   As a result, Plaintiff has suffered significant financial losses as a direct and proximate result of FTBNA's misrepresentations.

## COUNT VII – FRAUD, BASED UPON SILENT FRAUD

### AND BAD FAITH PROMISES

### (FTBNA)

72.   Plaintiff incorporates the preceding allegations by reference.

73. FTBNA through its agent, instructed the Plaintiff to make $200.00 per month payments as set forth herein .

74. FTBNA failed to disclose to Plaintiff that following the instructions to make a $200.00 monthly payment would cause her great financial harm.

75. FTBNA's representations were false, when they were made, as FTBNA did not intend to fulfill its obligations to the Plaintiff to act in good faith.

76. Plaintiff relied upon FTBNA's assurances, statements, promises and guarantees relating to the loan modification.

77. FTBNA's failure to disclose certain facts caused Plaintiff to have a false impression and FTBNA knew, or should have known, that its failure to disclose these pertinent facts would create a false impression upon Plaintiff.

78. Plaintiff relied upon FTBNA's false impressions and representations and as a result was financially damaged.

## COUNT VIII – FRAUD, BASED UPON SILENT FRAUD AND BAD FAITH PROMISES

### (FTBNA)

79. Plaintiff incorporates the preceding allegations by reference.

80. FTBNA through its agent caused the loan to go into default through an implied material misrepresentation enacted upon Plaintiff by FTBNA.

81.  FTBNA committed a material misrepresentation by promising or representing that FTBNA would consider the $200.00 monthly payment as her minimum obligation.

82.  Plaintiff relied on FTBNA's promises and representations.

83.  FTBNA's promises and representations were false.

84.  FTBNA continues to retain Plaintiff's interest in the subject property through a material misrepresentation; FTBNA's interest is only that of a holder for the benefit of Plaintiff.

85.  Plaintiff is entitled to the beneficial interest in the subject property and the equity in the subject property.

86.  The circumstances of this failure of conveyance render it unconscionable for FTBNA to retain legal title to Plaintiff's equity and title.

87.  That FTBNA only holds the subject property in a constructive trust for the benefit of the Plaintiff.

## COUNT  IX – VIOLATION OF M.C.L § 445.901 *et seq*.

## (FTBNA)

88.  Plaintiff incorporates the preceding allegations by reference.

89.  The facts set forth in this complaint establish that FTBNA violated one or more of the provisions of the Michigan Consumer Protection Act, M.C.L.§ 445.903(1).

90.  Plaintiff has suffered damages as a result of these violations of the Michigan Consumer Protection Act.

## COUNT  X – Fair Credit Reporting Act

## (FTBNA)

91.  Ms. Zdrojewski incorporates the preceding allegations by reference.

92.  FTBNA was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by  Plaintiff through all three credit reporting agencies by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

93.  FTBNA was required to cease reporting the derogatory information during the pendency of the period of 60 days following receipt of the qualified written request.

94.  Following the reinvestigation, FTBNA continued to report the adverse credit information, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

95. Following its reinvestigation, FTBNA reported the derogatory credit information and consciously avoided knowing that the derogatory credit information was supposed to be suppressed,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

96. Following the reinvestigation and dispatch of notice directly to FTBNA, FTBNA reported credit information that was not in fact lawful,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

97. Following the reinvestigation and dispatch of direct notice to FTBNA, FTBNA failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

98. FTBNA willfully refused to properly put in place adequate procedures to reinvestigate credit reports in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

99. In the alternative, FTBNA negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 1681o.

100. FTBNA willfully refused to properly reinvestigate the inaccuracies in credit reports in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

101.   In the alternative, FTBNA negligently failed to conduct a proper reinvestigation of a credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 1681o.

102.   Plaintiff has suffered damages as a result of these violations of the FCRA.

## COUNT  XI – Negligence

### (FTBNA)

103.   Plaintiff incorporates the preceding allegations by reference.

104.   FTBNA owed Plaintiff a duty to refrain from unreasonable conduct which could foreseeably cause damage to Plaintiff's person or property.

105.   FTBNA's conduct was per se unreasonable.

106.   Plaintiff has suffered foreseeable damages as a result of this unreasonable conduct by FTBNA.

## COUNT  XII – Negligence *Per Se* –

### (FTBNA)

107.   Plaintiff incorporates the preceding allegations by reference.

108.   FTBNA's actions in publishing false and inaccurate credit information to the credit bureaus was in violation of express duties under the FCRA.

109.   Those unreasonable actions were *per se* unreasonable.

110. Plaintiff has suffered damages as a result of this *per se* unreasonable publication of false and inaccurate credit information by FTBNA.

## **COUNT XIII – Defamation by Libel**

## **(FTBNA)**

111. Plaintiff incorporates the preceding allegations by reference.

112. FTBNA's written publication of the trade lines on Plaintiff's credit reports was false and defamatory.

113. FTBNA's publications were not privileged communications.

114. FTBNA's publications of the trade lines on Plaintiff's credit reports were made negligently, with reckless disregard to their falsity, or maliciously.

115. The statements were *per se* defamatory.

116. Plaintiff has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

117. Plaintiff has suffered emotional distress as a result of the publication of the defamatory statements.

## **COUNT XIV – Negligence – Malicious Statutory Libel**

## **(FTBNA)**

118. Plaintiff incorporates the preceding allegations by reference.

119.  The inaccurate credit information was published with malice or ill-will.

120.  Plaintiff has suffered damages as a result of this malicious libel by FTBNA in violation of M.C.L. § 600.2911.

121.  Plaintiff is entitled to actual and punitive damages having suffered damages as a result of this malicious liable under the provisions of M.C.L. § 600.2911.

## COUNT  XVI  – Violations of the Fair Credit Reporting Act
## (CLARITY SERVICES, INC.)

122.  Plaintiff reiterates and incorporates the allegations contained in all preceding paragraphs as if fully set out herein.

123.  The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq* restricts access and use of credit reports.  This statute provides an exhaustive list of the permissible purposes and prescribes criminal penalties as well as civil for the unlawful access and use of these reports.

124.  Users of this credit information like Clarity Services, Inc. are subject to the FCRA when they access reports and are under the highest duty to prevent unauthorized access by their agents as well as to prevent use of the information which is obtained illegally.

125.   The FCRA expressly provides consumers with a private cause of action against the party illegally accessing the private information; for  violations of these privacy provisions of  15 U.S.C. § 1681b, this impermissible access provision is enforceable via 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, depending on whether the violation is found to be wilful or merely negligent.

126.   Clarity Services, Inc. did not have a permissible purpose for the access and use of the report as set forth in 15 U.S.C. § 1681b.

127.   Clarity Services, Inc. violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

128.   Clarity Services, Inc. violated the FCRA, 15 U.S.C. 1681b(f) by falsely certifying to Experian the purpose for which it accessed the consumer reports of the Plaintiff.

129.   Clarity Services, Inc. knowingly violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff.

130.   Clarity Services, Inc. wilfully violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff

131.   Clarity Services, Inc., in the alternative, negligently violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

132.   The above-alleged actions and omissions of Clarity Services, Inc. violated the FCRA, 15 U.S.C. §1681b(f).

133.   As a direct and proximate cause of the above-alleged actions and omissions of the Clarity Services, Inc.,  Ms. Zdrojewski has suffered an unwarranted invasion of her privacy, which may expose her to additional improper uses of the credit report or her personal identification information.

134.   Clarity Services, Inc. is liable to the Plaintiff  for actual damages, statutory damages and punitive damages for violation of the FCRA.

**COUNT  XVII  – Violations of the Fair Credit Reporting Act**

**(MRI SOFTWARE LLC)**

135.   Plaintiff reiterates and incorporates the allegations contained in all preceding paragraphs as if fully set out herein.

136.   The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq* restricts access and use of credit reports.  This statute provides an exhaustive list of the permissible purposes and prescribes criminal penalties as well as civil for the unlawful access and use of these reports.

137. Users of this credit information like MRI Software LLC are subject to the FCRA when they access reports and are under the highest duty to prevent unauthorized access by their agents as well as to prevent use of the information which is obtained illegally.

138. The FCRA expressly provides consumers with a private cause of action against the party illegally accessing the private information; for violations of these privacy provisions of 15 U.S.C. § 1681b, this impermissible access provision is enforceable via 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, depending on whether the violation is found to be wilful or merely negligent.

139. MRI Software LLC did not have a permissible purpose for the access and use of the report as set forth in 15 U.S.C. § 1681b.

140. MRI Software LLC violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

141. MRI Software LLC violated the FCRA, 15 U.S.C. 1681b(f) by falsely certifying to Experian the purpose for which it accessed the consumer reports of the Plaintiff.

142. MRI Software LLC knowingly violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff.

143. MRI Software LLC wilfully violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff

144. MRI Software LLC, in the alternative, negligently violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

145. The above-alleged actions and omissions of MRI Software LLC violated the FCRA, 15 U.S.C. §1681b(f).

146. As a direct and proximate cause of the above-alleged actions and omissions of the MRI Software LLC, Ms. Zdrojewski has suffered an unwarranted invasion of her privacy, which may expose her to additional improper uses of the credit report or her personal identification information.

147. MRI Software LLC is liable to the Plaintiff for actual damages, statutory damages and punitive damages for violation of the FCRA.

### Demand for Jury Trial

148. Plaintiff demands trial by jury in this action.

### Demand For Judgment for Relief

*ACCORDINGLY, Plaintiff requests that this Court:*

a.  *Award Plaintiff all damages incurred by Plaintiff as a result of Defendants' actions herein;*

b.  *Award statutory damages as applicable;*

23

c.     *Award Plaintiff costs and attorney's fees;*

d.     *Award any other relief that this Court deems just and equitable;*

e.     *Award exemplary damages;*

f.     *Award costs and attorney fees.*

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By:     s/ Adam G. Taub
         Adam G. Taub (P48703)
         Attorney for ALISA C. ZDROJEWSKI
         17200 West 10 Mile Rd. Suite 200
         Southfield, MI 48075
         Phone:  (248) 746-3790
         Email:  adamgtaub@clgplc.net

Dated: February 3, 2020